IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** : | **CIVIL NO. 1:CV-05-1097** |
| Plaintiff : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **MILDRED ZOLL and HARRY MALONE,** : | **FILED** HARRISBURG, PA |
| Defendants : | JAN 3 1 2006 |
| | MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

### MEMORANDUM AND ORDER

Before the court is Plaintiff's motion for summary judgment. (Doc. 9.) On November 30, 2005, the court issued an order providing that if Defendants do not file a motion to dismiss Plaintiff's amended complaint, they shall have until January 6, 2006 to file a response to Plaintiff's motion for summary judgment. (*See* Doc. 16.) As of January 31, 2006, Defendants have not filed a motion to dismiss or a response to Plaintiff's motion for summary judgment.[1] Pursuant to Middle District Local Rule 7.6, the court will deem Plaintiff's motion to be unopposed and rule on the merits of Plaintiff's motion.

Defendants Mildred Zoll and Harry Malone executed and delivered a mortgage upon 4010 Albrightsville, PA 18610 to Plaintiff Mortgage Electronic Registration Systems, Inc. (Pls.' Mot. For Summ. J., Ex. A.) Defendants have defaulted under said mortgage by failing to make payments due on September 1, 2004 and each month thereafter. (*See id.*, Ex. B, Aff. Lisette Duarte; Ex. F.)

---

[1] The court also notes that Defendants have not filed an answer to Plaintiff's amended complaint.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). Plaintiff, in its motion for summary judgment, has provided the court with affidavits and exhibits that support its contention that Defendants have defaulted under said mortgage. As stated, Defendants have not responded. Based upon the pleadings and Plaintiff's affidavits and exhibits, the court finds that there is no genuine issue as to any material fact. Accordingly, the court will grant Plaintiff's motion for summary judgment.

**IT IS HEREBY ORDERED:**

1) Plaintiff's motion for summary judgment (Doc. 9) is **GRANTED**.

2) The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendants in the amount of $157,001.52[2] plus per diem interest at the rate of $30.42 from May 27, 2005 to the date of judgment. Attorney's fees shall also be entered in favor of Plaintiff and against Defendant pursuant to paragraphs 8 and 9 of Plaintiff's amended complaint (Doc. 19).

3) The Clerk of Court shall close the file.

_____
SYLVIA H. RAMBO
United States District Judge

Dated: January _31_, 2006.

---

[2] The calculation of this amount is as follows: principle balance $146,016.56; interest (8/01/04 through 5/27/05 at $30.42 per diem) $9,126.00; cumulative late charges $358.96; cost of suit and title search $550.00; and escrow deficit $950.00.